LEONARD SHADOCK v. THE ALPINE PLANK-ROAD COM-
PANY.

*Pleading—Bill of particulars—Negligence—Plank-road companies—
Evidence—Delay in bringing suit.*

1. A bill of particulars is only granted where the pleading is more
   or less general.
     So *held*, in a negligence case, where the declaration averred
   that "plaintiff was hurt, bruised, and wounded," but gave no
   description of the place or extent of the injuries, and defend-
   ant made a showing of a want of knowledge of the particulars
   of the injury, and demanded a bill of particulars, which was
   refused on the ground that none was demandable in such
   actions, which ruling is sustained.

2. Under a declaration in a negligence case, containing no more
   specific averments as to the injury complained of than that
   "plaintiff was hurt, bruised, and wounded," evidence of fract-
   ures of plaintiff's shoulder, arm, and hand, and a temporary
   strain of the hip, not only producing temporary pain, but, as
   claimed, permanent injury, and some disability, is inadmissible.

3. An instruction to a jury in a negligence case that no prejudicial
   inferences should be drawn from plaintiff's delay in bringing
   suit, which was not begun until within a few days of six
   years after the accident, is erroneous.

4. Under a declaration in a negligence case against a plank (gravel)
   road company, in which plaintiff avers that the obstruc-
   tion (a log) which caused the injury complained of was *inside*
   of eight feet from the center of the sixteen feet required by
   law for a roadway, to which fact he also testified on the trial,
   it is error to allow any recovery on the theory that the log was
   *outside* of said roadway.

5. In such a case, where the testimony shows that the road-bed at
   the place where the accident happened was in good condition,
   except for said obstruction, and that in turning out to pass a
   team the wheels of plaintiff's wagon struck the log, and owing
   to the slippery condition of the road, caused by a light fall of
   snow, plaintiff was thrown from his wagon and injured, it is
   not competent to allow any question of negligence to be based
   on any testimony concerning the general and permanent con-
   dition of the road-bed.

**6.** The statute (How. Stat. §§ 3581, 3594) is express as to the width of the roadway which a plank or gravel road company is bound to keep up, and only requires a wider one where ordered, for special reasons, by the public authorities, under How. Stat. § 3595. The law presumes that 16 feet is wide enough for all usual purposes, and travelers must act on that theory.

**7.** The following general propositions are summarized from the opinion of Mr. Justice CAMPBELL:

*a*—In an action on the case, the injury which is complained of, and for the consequences of which the suit lies, must be charged with reasonable certainty, so that there can be no difficulty in knowing what to meet in the proofs. If no injury is definitely charged, the declaration is demurrable; but where a sufficiently definite showing is made to give a cause of action for direct or consequential damages, no demurrer will lie, and a defendant can only be saved from surprise by confining the recovery to the causes sufficiently described.

*b*—The word "*hurt*" is so general as to give no information. "*Bruised*" is more definite, but does not indicate necessarily or generally more than a temporary contusion, which may be on any part of the person, light or severe, but seldom more than temporary in effect. A "*wound*" is any injury breaking or cutting the skin, and is no more definite than hurt or bruised.

*c*—Whenever the damages sustained do not *necessarily* arise from the act complained of, and consequently are not implied by law, in order to prevent surprise of the defendant, which otherwise might ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it. *DeForest v. Leete*, 16 Johns. 128, citing 1 Chit. Pl. 386 (4th ed. 347); Sedg. Dam. chap. 24. See cases in Jac. & C. Dig. p. 531, §§ 62, 63.

*d*—In actions on the case for injuries sustained by reason of failure to keep a highway in repair, all the damages are special, for the plaintiff has no concern with the condition of the road, except as he suffers personally from it.

*e*—Courts of equity, when dealing with matters of fact not barred by lapse of time, are in the every-day habit of considering delay (in bringing suit) as one of the elements of judgment, and of requiring stronger testimony in stale cases.

*f*—The whole reason for statutes of limitation is found in the danger of losing testimony, and of finding difficulty in getting at precise facts.

Error to Kent. (Grove, J.) Argued November 8, 1889. Decided December 28, 1889.

Negligence case.  Defendant brings error.  Reversed.
The facts are stated in the opinion.

*Maher & Felker,* for appellant.

*Smedley & Irwin,* for plaintiff.

[The points of counsel are discussed in the opinion, with citations of authorities.—REPORTER.]

CAMPBELL, J.  This suit is one to recover for personal injuries alleged to have been caused by plaintiff's fall from his wagon at a place on defendant's gravel road where a log had been left in the way, whereby the wagon was jolted so that he was thrown off.  The suit was not begun till within a few days of six years after the accident.  The damages were alleged as the result of plaintiff's being hurt, bruised, and wounded, whereby he was made sick, etc.

Plaintiff's version of the affair is substantially this: That on a day in January, 1882, during the morning, he was driving a double wagon to Grand Rapids, having an ordinary box, and an additional one above it, loaded with two and a half cords of short wood.  He sat on top of the load, back between the hind-wheels, with no seat but his wood.  He had a bundle of hay, on which other witnesses swore he was sitting; but he said it was behind him.  Other wagons were traveling near, and some ahead of him.  He was going southward, and, wishing to pass a wagon, he turned to the left or east to do so.  There was a light snow, of a couple of inches or thereabouts, but the snow had ceased falling.  He represents that the road was crowning in the middle, and a little slippery; so that, while his fore-wheels met with no obstacle, the hind-wheels slewed towards the easterly side of the road, and, in moving forward, passed over a log that was

frozen down in the ground, and he was thrown off on that side of the wagon, and fractured his right shoulder, arm, and hand, and injured his hip. He represents the log as a round stick of oak, 8 or 10 inches in diameter, lying directly across the side of the roadway, with the end inside of the distance of 8 feet from the center of the roadway. All of the other witnesses describe it as a round stick of cord-wood, and locate it as 8 feet or over from the center, and most of them as lying partly across the gutter. According to his statement, the road appeared smooth, and entirely safe for passing, and he did not see the log, which, according to all the testimony, had been frozen down in the same place for some time.

Before the trial the attorney for defendant made a showing of a want of knowledge of the particulars of the injury, and asked for a bill of particulars, which was refused, on the ground that none was demandable in such actions.

On the trial, objection was made to the proof of fractures and their consequences, as not within any allegations of the declaration. The objection was overruled.

The court also refused to take the case from the jury.

It was also ruled that the defendant was not only bound to keep 16 feet of track in good order, but was also bound to keep the rest of its entire roadway between the gutters in similar condition, and the jury were allowed to consider the manner of constructing the roadway.

The jury were also directed that they should draw no prejudicial inferences from the delay to sue.

Various questions of fact were left to the jury, upon which it is claimed by defendant there was no conflict of testimony.

The court was right in not ordering a bill of particulars; but this is so because such a bill is only granted

where the pleading is more or less general. In an action on the case, the injury which is charged, and for the consequences of which the suit lies, must be charged with reasonable certainty, so that there can be no difficulty in knowing what to meet in the proofs. If no injury is definitely charged, the declaration is demurrable; but where a sufficiently definite showing is made to give a cause of action for direct or consequential damages, no demurrer will lie, and a defendant can only be saved from surprise by confining the recovery to the causes sufficiently described. And, while no unreasonable strictness should be applied, and reasonable opportunities should be given, in a proper case, for amendment, nothing should be allowed which does not fairly inform the defendant what he is charged with.

The declaration in the present case contained nothing more specific than that plaintiff was hurt, bruised, and wounded. It gave no description of the place or extent of these injuries. The word *hurt* is so general as to give no information. *Bruised* is more definite, but does not indicate necessarily or generally more than a temporary contusion, which may be on any part of the person, and light or severe, but seldom more than temporary in effect. A *wound* is any injury breaking or cutting the skin, and is no more definite than the other words.

On the trial neither wounds nor bruises were relied on, but the damage done was laid to fractures of shoulder, arm, and hand, and a temporary strain of the hip, not only producing temporary pain, but, as is claimed, permanent injury, and some disability. The treatment of such injuries would be different and slower than that of temporary and slight hurts. The rule found, generally stated, and recognized by several decisions of this Court, is that—

" Whenever the damages sustained do not *necessarily*

arise from the act complained of, and consequently are not implied by law, in order to 'prevent surprise of the defendant, which otherwise might ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it." *De Forest v. Leete*, 16 Johns. 128, citing 1 Chit. Pl. 386 (4th ed. 347); Sedg. Dam. chap. 24. See cases in Jac. & C. Dig. p. 531, §§ 62, 63.

The rule which requires special damages to be alleged would be useless, unless so alleged as to give definite information. Some liberality has been allowed in the case of assault and battery, where, if the party charged is guilty at all, he may be presumed to know something about the results; but it is indicated by Chitty, referring to the *nisi prius* authorities and older reports, that the use of the *alia enormia* clause will only excuse the omission of specific allegations where they are of such a nature as to be improper to be set forth fully.

In actions on the case, like the present, all the damages are special, for the plaintiff has no concern with the condition of the road, except as he suffers personally from it. Neither his coming in contact with the log, nor his fall from his wagon, nor the character or extent of his injuries, nor the expense of medical attendance, were the necessary results of anything done or left undone by defendant. Defendant could have no knowledge of the fact or character of the injuries, except as informed. The object of the allegations in the declaration is to give defendant information of facts which were within plaintiff's knowledge; and, if plaintiff meant to prove them, he was bound to allege them. It would be impossible, otherwise, to be prepared to meet the evidence connecting plaintiff's injuries with the accident, or showing their nature and extent, or their consequences on plaintiff's physical condition, or the measures taken to remedy or help them.

It is not desirable to favor technicality, where the declaration is reasonably definite. But there would be great injustice in not requiring sufficient allegations to show the exact issues. The delay in suing here exemplifies perhaps more emphatically the improbability that defendant would be minutely informed of a transaction never brought to knowledge.

In this connection we also think it was error to prevent the jury from taking into account, for any purpose, the long delay in suing. No one claimed that the action was barred, if brought within six years. But courts of equity, when dealing with matters of fact not barred by lapse of time, are in the every-day habit of considering delay as one of the elements of judgment, and of requiring stronger testimony in stale cases. The whole reason for statutes of limitation is found in the danger of losing testimony, and of finding difficulty in getting at precise facts. Very few persons preserve such *memoranda* or other means of evidence as will enable them to show what was the condition of affairs at a remote period, which they have had no occasion to recall or remember. It would be very hard justice to prevent juries from considering what courts, as judges of fact, consider in similar circumstances. Delay is in itself a circumstance in human conduct which, while the law raises no absolute presumption from it, is nevertheless, in many cases, very significant. There is, in all controversies of this kind, some occasion for considering many questions of human conduct, and many probabilities. Testimony of old transactions is seldom perfect, and human memory, where all witnesses survive, is more or less fallible. It has been found by legislatures always that time affects the accuracy and preservation of testimony so much that it is safer to fix a period of actual bar than to leave persons exposed to injustice from stale demands. It is not rea-

sonable to hold that a difference of a day or a fortnight
out of six years shall prevent a jury from weighing facts
which in so short a time would be conclusive. We can
easily see how delay, in such a case as the present, might
have rendered it very difficult to get at the truth, or to
meet a false charge. Whether the difficulty actually
appeared, we cannot tell; but it was before the jury, and
they should have been allowed to weigh it.

It would be, for example, somewhat difficult for defend-
ant, without special reasons, to be able to know or show
the weather, or the precise condition of the roads, or who
were on it, at a certain hour of the day, six years before.
The plaintiff himself could not fix the day of his acci-
dent nearer than "January 20 or 22, as near as I can
recollect," and no other witness fixes the day at all.
There would be a similar difficulty in finding out, after
such a lapse of time, what injuries were suffered, and
their treatment. Small shades of difference in facts
might be decisive on one side or the other. Delay may
or may not have been faulty, and the difficulty created
by it may have been more or less; but it cannot be said
that a jury would have no right to consider it in all its
bearings.

The court also allowed the jury to consider certain
things as bearing on negligence of the company which
had no such bearing. It was practically left to the jury
to say whether the shape of the road-bed and the condi-
tion of the surface were such as were required to conform
to the defendant's duty. The plaintiff himself, as well
as all the witnesses, testified to the good condition of
the road-bed where he turned out, except for the log.
His almost daily use of it gave him all the knowledge
he needed. The crowning of the center was not shown
to be unusual or improper, and it was apparent to any-
body. The statute on highways requires all roads to be

made crowning enough to furnish easy escape for the water. The slipping of the wheels was laid by plaintiff to the slipperiness caused by the light fall of snow on the frozen road, which is not alleged to be any one's fault, and which would be a natural result of turning off. We do not think it was competent to allow any question of negligence to be based on any testimony in the case concerning the general and permanent condition of the road-bed.

It was also error to allow any recovery on the theory that the log was outside of the sixteen feet required by law for roadway. Plaintiff averred in his declaration, and swore, the log was inside of eight feet from the center; but that was not the general effect of the testimony. There was no doubt the log was where his wheels went over it, and that they got there by his driving outside, to pass another team. The statute is express as to the width of the roadway which the defendant was bound to keep up. It only requires a wider one where ordered, for special reasons, by the public authorities. How. Stat. § 3595. The law presumes that sixteen feet is wide enough for all usual purposes, and travelers must act on that theory. They have no right to leave that space, in daylight, without looking to see whether there is anything outside of the line that needs attention. Plaintiff admits that he did not see the log, which was so large that it could not have escaped notice, if he had looked where it was. By turning out to pass another team, he was bound to give closer attention to where he was going. The charge practically put the space outside of the sixteen-foot line on substantially the same footing as regards the duty of furnishing safe passage and of keeping obstructions from the surface. According to repeated decisions of this Court, an averment that the log was within the sixteen-foot line is essentially variant from

proof of its location beyond it, and the difference is one of substance. If duties exist both outside and inside of the line, they are essentially different duties, and require different treatment. In the view we take of the case, as appearing on the trial, the only negligence, if any, was in leaving the log in the statutory road. There could be no legal negligence in leaving it outside of the road, without some further circumstances, not alleged; and, if it was outside, the plaintiff's negligence is too plain to be questioned. If it was in the road, we are not prepared to say there was not a question for the jury, as to his negligence in driving ·over it, and not avoiding it, although his testimony to that point is not very consistent. The charge, therefore, which, under the declaration, allowed a recovery if the log was outside of the line, was erroneous, on the double ground that it allowed the jury to find a duty where the law had imposed no duty, and that it allowed a recovery on a theory not set up in the declaration.

The argument was confined to these questions, and we need not consider the minor errors assigned.

The judgment should be reversed, and a new trial granted.

The other Justices concurred.