ELLEN A. TAFT *vs.* ABNER M. STOW, executor.

Suffolk.    December 11, 1896. — January 8, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Contract — Termination of Trust — Declaration — Demurrer.*

In an action of contract by a *cestui que trust* against the executor of a will of the person who is alleged to have established the trust to recover the principal sum, with interest due, by the termination thereof, a declaration which fails to allege, among other things, that the defendant's testator was ever under any liability at law to the plaintiff, or that the defendant has or ever had in his hands any money belonging to the plaintiff, is bad on demurrer.

CONTRACT, by a *cestui que trust*, to recover from the executor of a will one thousand dollars, with interest due, by the termination of the trust, and payable to the plaintiff. The defendant demurred to the declaration, assigning various grounds therefor. The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*R. W. Nason & T. W. Proctor*, for the plaintiff, submitted the case on a brief.

*S. H. Dudley*, for the defendant.

KNOWLTON, J. It may be assumed in favor of the plaintiff that the allegations of the declaration, if proved, would show the creation of a valid trust. *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159. A trust in personal property may be created and proved by parol. *Chase* v. *Perley*, 148 Mass. 289. It is alleged that the money in question was set apart and deposited as a trust fund for the benefit of the plaintiff; that the defendant's testatrix made a declaration of trust, whereby it was declared that this fund was to be kept in its place of deposit, and interest accruing on it to be held for the use of the plaintiff, although not to be payable until after the testatrix's death, and then the whole fund, both interest and principal, to be paid to the plaintiff. It is also alleged that the testatrix communicated to the plaintiff this declaration of trust, with all its terms and conditions.

It is not averred that the declaration states who was to be trustee, or whether it was to be the testatrix, or the depositary of the fund, or some third person, and there is no allegation that the fund was so left that the defendant could have any control of it, or ever lawfully interfere with it. So far as appears from the declaration, the money may now be in the hands of a trustee other than the defendant, whose duty it is to transfer it to the plaintiff; or it may be that the defendant's testatrix was the trustee, and that the money was so deposited that since her death the plaintiff has a remedy in equity against the depositary. It is not alleged that the defendant's testatrix was ever under any liability at law to the plaintiff, or that the defendant has or ever had in his hands any money belonging to the plaintiff.                    *Judgment affirmed.*