# JUNE TERM, 1904.*

## McMILLAN v. REAUME.[1]

1. STATUTE OF LIMITATIONS—SECOND SUIT FOR SAME CAUSE—MISTAKE OF REMEDY.
   Where plaintiff, before her right of action was barred by the statute of limitations, brought suit in *assumpsit* for fraud in the sale of real estate, which action was defeated on the ground that she had mistaken her form of remedy, and not upon the merits, a second action in tort for the same fraud, begun within one year after the final determination of the former suit, was not barred by the statute. 3 Comp. Laws, § 9738.

2. FRAUD—CONFLICT OF EVIDENCE—QUESTION FOR JURY.
   Where there is a substantial conflict in the evidence upon a question of fraud, it should be submitted to the jury.

3. SAME—MEASURE OF DAMAGES—EXCEPTIONS TO GENERAL RULE.
   In an action for fraud in inducing plaintiff to sell an interest in real estate for less than it was worth, the measure of damages is the difference between what she received and what it was reasonably worth; and, if there is anything in the circumstances of the case to take it out of the general rule, the defendant should call the court's attention to it by a request.

Error to Wayne; Frazer, J. Submitted February 26, 1904. (Docket No. 79.) Decided June 25, 1904.

Case by Josephine Bedier McMillan against Denis J. Reaume, Hiram D. Willmarth, and Jay Fuller for fraud in the sale of real estate. From a judgment for plaintiff, defendants bring error. Affirmed.

The circumstances and facts upon which the present suit is based are sufficiently stated in the three former de-

---

*Continued from Vol. 136.
[1]Rehearing denied October 27, 1904.

cisions of this court based upon the same transaction. *Bedier* v. *Reaume*, 95 Mich. 518 (55 N. W. 366); *Bedier* v. *Fuller*, 106 Mich. 342 (64 N. W. 331); *Id.*, 116 Mich. 126 (74 N. W. 506). The first suit was brought on the chancery side of the court to set aside the deed given by plaintiff, the complainant in that suit, on the ground of fraud. The bill was dismissed in the court below, and the decree affirmed in this court. Plaintiff then, in the belief that she could waive the tort and sue in *assumpsit*, brought the second suit. The declaration contained a special count and the common counts. The demurrer to the special count was sustained both in the circuit and in this court (106 Mich. 342 [64 N. W. 331]) for the reason that plaintiff could not disaffirm the contract, waive the tort, and maintain *assumpsit* as upon an implied promise for the difference between the amount received and the actual value. Plaintiff then went to trial upon the common counts, and her claim will be found stated in the third case in this court. 116 Mich. 126 (74 N. W. 506). Upon the opening statement in that case by her counsel, the court directed a verdict for defendants upon the ground that she had affirmed the contract, and could not, therefore, recover "as for an implied promise in *assumpsit*." After the determination of the former suit, plaintiff then brought this action of tort, based upon the fraud alleged to have been committed by the defendants upon her in the sale of her interest in her father's estate. She recovered verdict and judgment. Three questions are presented: (1) Is the action barred by the statute of limitations? (2) Was there evidence of fraud to justify the verdict? (3) Was the correct rule of damages submitted to the jury?

*John D. Conely* (*William C. Stuart*, of counsel), for appellants.

*Fred A. Baker*, for appellee.

GRANT, J. (*after stating the facts*). 1. The princi-

pal and most important question arises upon the statute of limitations. That portion of the statute applicable to the case is as follows:

"If, in any action duly commenced within the time limited in this chapter and allowed therefor, * * * the writ be abated, or the action otherwise avoided or defeated, * * * for any matter of form, or if, after a verdict for the plaintiff, the judgment shall be arrested, or * * * shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein." 3 Comp. Laws, § 9738.

The only suit determined within one year prior to the commencement of this suit was that upon the common counts, which was determined in May, 1897, and this suit was commenced in April, 1898,—within one year after the final determination of the former suit. This suit was not a determination upon the merits. The merits were not entered upon. The plaintiff and her counsel believed that they could try the merits of the controversy in an action of *assumpsit*, instead of tort. No testimony was taken. After the opening statement, the court held that the plaintiff's suit was planted upon a mistaken view of the law; in other words, plaintiff had mistaken her form of remedy.

We think the statute clearly covers such a case. Our statute of limitations was borrowed from that of Massachusetts. It was said by the supreme court of that State, speaking through Chief Justice Shaw:

"This is a remedial statute, both in its enacting and qualifying clauses, and should have such construction as will best carry into effect the intent of the legislature; * * * and the presumption [of payment] does not arise if the creditor resorts to legal diligence to recover his debt within the time limited."

That court therefore held that, where the first letters of administration were held to be a nullity, and a second suit was commenced within one year after that decision, and

more than six years after the debt accrued, the new suit could be maintained. *Coffin* v. *Cottle*, 16 Pick. 383, 385.

It is not an infrequent occurrence for attorneys to make a mistake in the form of the remedy. Where they have acted in good faith, the statute should be held to apply. So, where an action upon contract was defeated on demurrer to a declaration in a suit at law, a bill in equity was held maintainable under this statute. *Taft* v. *Stow*, 167 Mass. 363 (45 N. E. 752); *Phelps* v. *Wood*, 9 Vt. 399; *Spear* v. *Newell*, 13 Vt. 288.

2. Without entering into details, we think there was sufficient evidence to justify the submission of the question of fraud to the jury. If there was any substantial conflict of evidence, it belonged to the jury; and we think there was.

3. The court instructed the jury that, if they should find for the plaintiff, the measure of damages would be the difference between what the property sold for and what her interest really was; *i. e.*, the difference between what she actually received and what her interest was worth. It is contended that plaintiff knew that her share was worth much more than she received for it, and that, therefore, the true measure of damages would be the difference between what her interest was worth and what she was led to believe it to be worth. While there is evidence that plaintiff knew that, aside from debts, the value of the widow's dower, and expense of litigation, the value of the estate was more than $4,500, yet her claim is based upon the theory that these defendants induced her to believe that $4,500 was all her interest was in fact worth. Furthermore, counsel for the defendants preferred no request for instruction upon this point. The rule laid down by the court is the usual measure of damages. If the defendants contended that there was anything in the peculiar circumstances of this case to bring it without the general rule, it was their duty to call the attention of the court to the matter. We think the instruction correct.

The judgment is affirmed.

The other Justices concurred.