## BACKUS v. KIRSCH.

EQUITY—PLEADING—AMENDMENTS—NEW ISSUE.

> Motion to amend bill seeking rescission, on ground of fraud, of contract for sale of plaintiff's corporate stock, was properly denied, where amendment sought to bring into case entirely new issue, involving accounting on behalf of plaintiff and others who were stockholders of corporation eight years previously.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 20, 1931. (Calendar No. 35,553.) Decided December 8, 1931.

Bill by Henry N. Backus against Charles W. Kirsch to rescind the sale of certain corporate

shares of stock. From an order denying plaintiff leave to amend bill, he appeals. Affirmed.

*Lucking, Van Auken & Sprague* (*Roy H. Hagerman,* of counsel), for plaintiff.

*J. Paul Wait* and *Harry C. Howard,* for defendant.

SHARPE, J. The bill of complaint herein was filed on December 5, 1928. In it plaintiff alleged that in June of that year he was induced to sell certain shares of the capital stock of the Kirsch Manufacturing Company to the defendant by reason of false and fraudulent representations then made to him; that, on learning of their falsity, he had elected to rescind such sale, and had tendered to the defendant the money received by him thereon, and demanded a return of his stock, which was refused. In his prayer for relief he asked that the sale be decreed to be void and the stock ordered returned to him, and that defendant account to him for all profits and dividends received by him on account thereof.

After motions to dismiss the bill and to dissolve the temporary injunction which had been issued had been denied, the defendant answered, denying all the material allegations in the bill.

On December 16, 1930, plaintiff moved to amend the bill in several particulars. Those which referred to the claimed misrepresentations were permitted.

It was also alleged in the proposed amendment, on information and belief, that an audit of the books of the company revealed the fact that in the month of March, 1922, the defendant had "caused the apparent adoption of a resolution by the directors or some of them" authorizing defendant as president of the company to negotiate with himself

as an individual for the purchase from him by the company of certain letters patent issued by the United States, and that such purchase was effected, for which the defendant received $3,100 in cash and $46,900 in par value of the unissued stock of the company, and that defendant in that year had committed other acts for which he should account to the corporation for moneys and profits retained by him.

In the opinion filed by the trial court, in which he concluded that this amendment should not be permitted, he said:

"Among other things the plaintiffs ask that the bill of complaint may be amended relative to a certain fraud, alleged fraud by the defendant against the corporation in 1922, or thereabouts. In his brief the plaintiff, among other things, says as follows:

" 'After the acquisition of said stock defendant received dividends of 161 per cent. thereon. Plaintiffs now claim that all these transactions are voidable and that the defendant is liable to the corporation for the surrender of said stock and an accounting for the dividends.'

"No one but Kirsch is made defendant in this case. There is a whole world of meaning in this statement of counsel that he is liable to the corporation. If he is liable to any one that subsequently acquired stock, he is liable also to those that were then having possession and control of stock and title to stock. The court excludes from this motion all matters relating to this what occurred in 1922. I exclude it. I will not permit that kind of an amendment at this time."

In this we think he was clearly right. In the bill as filed plaintiff seeks rescission of his contract for the sale of his stock to the defendant. No other stockholder has any interest therein. In the amendment proposed he seeks an accounting on behalf of himself and the others who were stockholders in

the year 1922. If permitted, it would inject another and an entirely different issue into that now pending before the court. Aside from the question of laches and the statute of limitations, which defendant insists upon, we find no abuse of discretion in the action of the trial court in denial of the right to amend.

The order appealed from is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.