BACKUS *v.* KIRSCH.

SAME *v.* SAME.

1. JUDGMENT—ACCOUNTING—LIMITATION OF ACTIONS—AMENDMENT.
   Where, after commencing suit to rescind sale of corporate stock on ground of fraud, plaintiffs first learned of wrongful acts of defendant prior to said sale which lessened value of their stock, and attempted to seek relief therefor by amending their bill and asking for accounting, which was denied, there was no adjudication of question as to whether their right to accounting was barred by statute of limitations.

2. LIMITATION OF ACTIONS—WHEN SUIT FOR ACCOUNTING BARRED.
   Statute of limitations is bar to bill for account when it would be bar to action of account at common law for same matter, and for which party might have had his action of account.

3. SAME—CORPORATIONS—STOCKHOLDERS' BILL—FRAUD—SUIT FOR ACCOUNTING.
   Where plaintiffs had parted with their corporate stock and corporation had been dissolved, suit for accounting for fraud committed while they were stockholders and which lessened value of their stock is not stockholders' bill; and that there can be no relief at instance of stockholders and in behalf of corporation does not leave plaintiffs without remedy, unless cause of action is barred by statute of limitations.

4. SAME—BILLS FOR ACCOUNTING—STATUTES.
   Where plaintiffs filed bills for relief by accounting in respect of wrongful acts by way of amendment within two years after discovery of said fraudulent acts, but leave to amend was denied, and, within one year after affirmance of order denying leave to amend, bills for accounting were filed, they were filed in time under statute of limitations (3 Comp. Laws 1929, §§ 13982, 13983).

5. SAME—ACCOUNTING—MONEY DECREE.
   Where relief sought is merely accounting for fraudulent transactions, money decree, it is sufficient that suit be brought within period fixed by statute of limitations.

6. Appeal and Error—Motion to Dismiss.
    On reviewing order granting motion to dismiss, facts well stated
        are accepted as true.

Appeal from Wayne; Hunt (Ormond F.), J.  Submitted April 5, 1933.  (Docket No. 28, Calendar No. 37,077.)  Decided June 29, 1933.

Separate bills by Henry N. Backus and Ada T. Backus against Charles W. Kirsch and others for an accounting and for other relief.  Upon death of plaintiff Ada T. Backus, the executor of her will, Henry N. Backus, was substituted.  From order dismissing the bills, plaintiff appeals.  Cases consolidated.  Reversed, and remanded.

*Lucking, Van Auken & Sprague,* for plaintiff.

*J. Paul Wait* (*Harry C. Howard,* of counsel), for defendants.

Clark, J.  On December 5, 1928, Henry N. Backus and Ada T. Backus filed separate bills to rescind, for fraud, their sale, in July, 1928, of certain shares of stock in Kirsch Manufacturing Company to Charles W. Kirsch, who was the president, majority stockholder, and dominant personage in the corporation.  In May, 1929, such plaintiffs first learned that on or about the years 1921 and 1922, and while plaintiffs owned the shares, Mr. Kirsch had wrongfully appropriated to himself large blocks of stock in the company and sums of money, and which wrongful acts depreciated the value of plaintiffs' shares.

Plaintiffs attempted to bring into the rescission suits their further complaints in respect of the wrongful acts of 1921, 1922, by way of amendment,

seeking relief by bill for accounting in that regard on behalf of themselves and in behalf of other stockholders. The original bills were for rescission. The amendments sought in part at least to introduce a stockholders' bill. The amendment was refused. Plaintiffs appealed, and the orders of refusal were affirmed on December 8, 1931. 256 Mich. 368, 371. Mr. Kirsch having disposed of the stock, and the corporation being dissolved, plaintiffs had money decrees to compensate for the frauds in the sales of the shares arising in July, 1928, which decrees were made expressly without prejudice to the plaintiffs for and on account of the grievances of 1921, 1922.

On December 31, 1931, Henry N. Backus and Ada T. Backus filed their bill for accounting and other relief against Charles W. Kirsch, Kirsch Manufacturing Company, and another (perhaps successor) corporation, Kirsch Company, the accounting sought being of the wrongful acts stated of 1921, 1922. Ada T. Backus having died, her suit is prosecuted by her executor. On motion, the bills were dismissed. Plaintiffs have appealed. The causes are here consolidated.

There is no adjudication by the former decision in this court of the question here presented, which is in effect the statute of limitations to be applied as at law in this suit for accounting. We quote from 17 R. C. L. p. 744:

"The statute of limitations is a bar to a bill for an account when it would be a bar to an action of account at common law for the same matter, and for which the party might have had his action of account."

And see *Hathaway* v. *Hudson*, 256 Mich. 694, where the matter is discussed at length.

This is not a stockholders' bill, as plaintiffs are not stockholders, having parted with their shares, and the corporation has been dissolved. 3 Cook on Corporations (8th Ed.), p. 2410. The fact that there can be no relief at the instance of stockholders and in behalf of the corporation (*Garber* v. *Town,* 208 Mich. 1) does not mean that the wrongs done plaintiffs are without remedy.

If, as plaintiffs allege, they parted with their shares to defendant Kirsch in ignorance of the said impairment of corporate assets and the said depreciation of the value of the shares, and that these matters were concealed from them and that they asserted their demand for their portions of the abstractions and depreciations, they should have relief, unless the cause of action is barred by the statute of limitations. In *Rafferty* v. *Donnelly,* 197 Pa. 423 (47 Atl. 202), it is said:

"His allegation is that he parted with it in ignorance of the appellees' impairment of the assets of the company, as they had concealed their conduct from him, and that after he had sold his stock, upon discovery of what they had done, he demanded 'that they should make good to him his proportionate share of the moneys fraudulently abstracted by them as aforesaid, from the treasury of said company.' The appellees deny that they had concealed their conduct from him, and aver he knew that they had voted themselves the increase of salaries shortly after they had done so. If the appellant did not part with his stock in ignorance of the conduct of the appellees, of which he complains, and sold it, knowing what they had done, his bill was properly dismissed. At no time did any of the moneys of the McClure Coke Company belong to him, and even if the appellees had improperly taken it from the treasury, the appellant, though a stockholder, could

not have sued for the recovery of what he might have considered was his proportionate share of the sum so taken. He might have instituted, or compelled the institution of, proper proceedings for its return to the treasury, where it would again have become an asset of the company and preserved the real value of his stock, but this was all he could do. He could simply have compelled restoration of the value to his stock which had been taken from it by the officers' improper appropriation of the company's money. In the present proceeding, as an individual, he seeks redress from the appellees, as individuals, for an·alleged wrong resulting to him from their misconduct. If they did directly wrong him in his estate by fraudulently impairing its value, and, by their concealment of their misconduct, he parted with his property for less than it was really worth, he would, upon proper averments and proofs, be entitled to relief.''

See, also, *Ritchie* v. *McMullen,* 25 C. C. A. 50 (79 Fed. 522) (opinion by Taft, J.); *Mitchell* v. *Beachy,* 110 Kan. 60 (202 Pac. 628); *Pontiac Packing Co.* v. *Hancock,* 257 Mich. 45.

Plaintiffs filed bills for relief in respect of these wrongful acts by way of amendment and. supplement to bills in the former cases (256 Mich. 368, 371), but were mistaken in their remedy. Such bills were filed in time, 3 Comp. Laws 1929, § 13983, providing limitation of two years, after discovery, when cause of action has been fraudulently concealed.

Within a year after the affirmance in this court of the order denying leave to amend, the instant bills were filed. They too were in time under 3 Comp. Laws 1929, § 13982, which provides:

''If, in any action, duly commenced within the time limited in this chapter, and allowed therefor, the writ or declaration shall fail of a sufficient serv-

ice or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence such new action within the said one year.''

Plaintiffs' attempted action by way of amendment and supplement of former bills was defeated for matter of form and is within the statute granting an additional year. See *Pattridge* v. *Lott,* 15 Mich. 251. As the relief sought here is merely accounting for fraudulent transactions, a money decree, it is sufficient that the suit be brought within the period fixed by the statute of limitations. *Alfred J. Brown Seed Co.* v. *Brown,* 240 Mich. 569; *Barnhardt* v. *Hamel,* 207 Mich. 232.

It should be noted that facts here reviewed are under the rule that, on motion to dismiss, facts well stated are accepted as true.

It follows that order of dismissal is reversed, with costs, and cause remanded with leave to answer within rule time.

McDonald, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.