**Roy Gene LAKE and Barbara Lake, Appellants,**

v.

**Mary F. LIETCH, Appellee.**

No. 47409.

Supreme Court of Oklahoma.

April 6, 1976.

Rehearing Denied June 21, 1976.

Dennis J. Downing, Tulsa, for appellants.

Thomas L. Palmer, Gary D. Allison, Tulsa, for appellee.

DOOLIN, Justice.

The issue involved in this appeal is the validity of service in a wrongful death action where the action was filed within the two year statute of limitations of 12

O.S.1971 § 1053 but service was not had within that time.

■ On January 7, 1971, plaintiffs' son was struck and killed by an automobile driven by defendant, an Arkansas resident. The present action for wrongful death was filed on December 11, 1972. Summons was issued but the return was held to be defective and service quashed by the trial court on February 7, 1973, one month after the statute of limitations under § 1053 had run. There was no appeal taken from this ruling so we must presume it to be correct. By issuing an alias summons plaintiffs abandoned original summons and waived the right to question court's ruling as to validity of the first service. *Parton v. Iven,* 354 P.2d 210 (Okl.1960).

On February 27, 1973, an alias summons was issued by plaintiffs by serving the Secretary of State of Oklahoma. This service was also held to be invalid because statutory procedures of 47 O.S.1971 § 394 were not followed, no notice being given to defendant in Arkansas nor filed with the court. Defendant's motion to quash this second service was sustained on October 10, 1973. A third summons was issued on November 14, 1973. It is the validity of this pluries summons we are concerned with today.

The fact that service was actually had is not contested by defendant. The third summons issued on Novemer 14, 1973, was sent to defendant by certified mail, return receipt requested. Two return receipts were ultimately filed in the trial court, one on March 11, 1974, showing service on November 16, 1973, the other filed February 11, 1974, with service date showing as January 16, 1974.

The trial court had previously overruled all of defendant's special appearances, motions to quash and pleas to jurisdiction based on the invalidity of the third summons. On March 13, 1974, the court sustained defendant's motion to reconsider its rulings on these previous motions and thereby sustained her motion to dismiss for lack of jurisdiction due to failure of service. Plaintiffs appealed, the Court of Appeals reversed and defendant seeks certiorari.

■ We must decide whether the provisions of 12 O.S.1971 § 154.5 allow additional attempts to effect service after the statute of limitations has run or whether a new summons may be issued and served within sixty days after any summons has been quashed subsequent to expiration of statute of limitations.

12 O.S.1971 § 154.5 provides:

"A new summons may be issued and served on the defendant after a court quashes the summons or its service notwithstanding the fact that the time for commencing the action shall have expired if the new summons is served on the defendant within sixty (60) days after the date of the order quashing the prior summons or its service."

Defendant claims that § 154.5 anticipates that any summons issued during the 60 day grace period must result in successful service or the action is forever barred. If this is the interpretation to be given this statute, then the plaintiffs were out of the suit at the moment the second service was quashed because the "new summons" did not result in successful service.

Plaintiffs on the other hand claim "prior summons" in the above statute refers to *any* summons issued and quashed after the statute of limitations has run, so that the court retains jurisdiction as long as another summons is issued within sixty (60) days after last summons was quashed. This is the view taken by the Court of Appeals. If we accept this view a new 60 day grace period is conferred upon a plaintiff each time a preceding summons is quashed, regardless of how many prior summons have been issued and quashed. Under this ruling a plaintiff might continue to issue new summons indefinitely after the statute of limitations had run. We do not believe this to be the intention of the legislature in enacting § 154.5.

Interpretation of this statute beyond the first 60 day extension of time from the initial quashing of the summons has never been considered by this Court. See *Overhuls v. Alexander*, 530 P.2d 573 (Okl.App. 1974).

12 O.S.1971 § 97 provides:

" . . . An attempt to commence an action· shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; *but such attempt must be followed by* the first publication or *service of the summons,* or if service is sought to be procured by mailing, by a receipt of certified mail containing summons, *within sixty (60) days.*" (Emphasis supplied).

Under this section an action will be timely "commenced" if summons is issued prior to expiration of statute of limitations even though service is not had until after the statute has run, if it is had within 60 days after the attempt is made. This provision standing alone would not allow plaintiffs to remain in the suit because the only summons issued within the two year limitation of § 1053 did not result in service within 60 days.

§ 154.5 was enacted to aid a plaintiff in the situation where a summons was issued prior to the running of the statute of limitations but was not ruled on as ineffective until after the statute had expired. It is remedial legislation permitting "a new summons" to relate back to one issued within the statute of limitations and thus the action is timely "commenced" as defined in § 97 (supra). It was not the intent of the Legislature in this enaction to circumvent the statute of limitations entirely. This would be the effect of holding an infinite string of summons may be issued after the period of limitations has expired as long as each is issued within 60 days of the quashing of the last preceding summons.

There were no statutes of limitations at common law; they are creatures of statutes. Statutory exceptions should be strictly construed and cannot be enlarged from consideration of inconvenience. *Cummings v. Board of Education of Oklahoma City,* 190 Okl. 533, 125 P.2d 989 (1942); *Hoskins v. Stevens,* 199 Okl. 297, 185 P.2d 911 (1947).

We therefore hold 12 O.S.1971 § 154.5 contemplates an exception to the statutes of limitations' requirements by permitting the issuance and service of an alias summons after the statutory period for commencing a suit has expired.

Since we hold the second alias summons was invalid as being issued after the running of the statute of limitations, we do not need to consider defendant's second proposition that third summons did not result in effective service because 12 O.S. 1973 Supp. § 155(b) [1] was not complied with.

Certiorari granted. Court of Appeals opinion vacated. Trial Court's order of dismissal affirmed.

DAVISON, LAVENDER, BARNES and SIMMS, JJ., concur.

BERRY, J., concur in results.

HODGES, V. C. J., and IRWIN, J., dissent.

1. § 155(b):
"When the summons is issued for service by mail, service shall not be considered effected, unless within twenty-one (21) days from the date on which summons was mailed by the clerk, the return receipt requested appearing to bear addressee's signature is delivered to the court clerk who issued the summons."