MAIR v CONSUMERS POWER COMPANY

Docket No. 68921. Argued October 6, 1983 (Calendar No. 12).—Decided June 5, 1984.

Norma Mair brought a charge of sex discrimination in the course of her employment against her former employer, Consumers Power Company, before the United States Equal Employment Opportunity Commission. The commission dismissed the complaint. Sometime thereafter, three years and four months after the termination of her employment, the plaintiff brought an action against Consumers Power in the Macomb Circuit Court, alleging discrimination because of age and sex. The court, Edward J. Gallagher, J., granted the defendant's motion for accelerated judgment on the ground that the three-year statute of limitations had run. The Court of Appeals, T. M. Burns, P.J., and Cavanagh and Benson, JJ., affirmed in an unpublished opinion per curiam (Docket No. 56219). The plaintiff appeals, arguing that the statute was tolled during the pendency of the proceeding before the federal agency.

In an opinion by Justice Brickley, joined by Justices Kavanagh, Ryan, and Boyle, the Supreme Court *held:*

An action before a federal administrative agency does not toll the state statute of limitations with respect to the bringing of an action in the courts of the state.

1. Statutes of limitations are tolled when a complaint is filed and the defendant is served with a copy of the summons and complaint, jurisdiction over the defendant is otherwise acquired, or copies of a summons and a complaint are placed in the hands of an officer for immediate service. The history and structure of the tolling statute shows that nonjudicial proceedings such as administrative actions were not intended to be

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 51 Am Jur 2d, Limitation of Actions § 206.
[2] 51 Am Jur 2d, Limitation of Actions §§ 208, 210.
[3, 4] 51 Am Jur 2d, Limitation of Actions § 302 *et seq.*
    Character or kind of action or proceeding within operation of statute permitting new action after limitation period, upon failure of timely action. 79 ALR2d 1309.
[4] 20 Am Jur 2d, Courts §§ 82-85.

tolling events within the meaning of "jurisdiction over the defendant is otherwise acquired". Tolling under the statute occurs where the extension of a time limitation will not disadvantage a defendant as a result of unawareness of a need to preserve evidence and prepare a defense. Tolling removes any harshness to the plaintiff occasioned by the dismissal of a suit begun in good faith without an adjudication on the merits. A plaintiff may bring a second suit notwithstanding a statute of limitations because the defendant has already received notice of the exact allegations against him as a result of the prior suit. However, tolling does not provide the plaintiff with an opportunity to litigate an issue already decided on the merits.

2. In this case, the plaintiff brought the action before a federal administrative agency. The proceeding before the EEOC did not have a scope and purpose comparable to that of a lawsuit. Remedies available before the EEOC are different from those available in state courts. The action was dismissed on the merits. At no time during the running of the state statute of limitations was the defendant on notice that it might be required to defend a lawsuit in a state court. In addition, the plaintiff had an opportunity to challenge the dismissal of her complaint by the EEOC in a federal court, which she chose not to do. To allow the plaintiff now to bring an action in a state court would afford her an opportunity to relitigate issues decided on the merits and would defeat the purpose of the state tolling statute.

Affirmed.

Justice Levin, joined by Chief Justice Williams, dissented. Although the Legislature did not contemplate that the commencement of an administrative proceeding would be an event that would toll a statute of limitations, the Supreme Court has the power to promulgate court rules for tolling on terms different from those provided in the Revised Judicature Act and should exercise that power to provide for tolling where administrative proceedings have been timely commenced. There may be as much need for tolling to avoid injustice where an administrative proceeding is not resolved on the merits as where a lawsuit is dismissed without consideration of the merits. The period of tolling need not cover the entire time that an administrative proceeding is pending, but could be limited to a specified period. Distinctions could be drawn between Michigan administrative proceedings and those commenced in other jurisdictions or be based on the nature of the proceedings and the relief available. This case, although commenced before the EEOC, involved Michigan procedural rights. When the

EEOC proceedings were dismissed, the plaintiff brought an action in the circuit court within three months. The Supreme Court should promulgate a rule for tolling the statute of limitations in actions such as this so as to provide relief to the plaintiff, and should remand the case to the circuit court.

OPINION OF THE COURT

1. LIMITATION OF ACTIONS — TOLLING — ADMINISTRATIVE ACTIONS.

An action before a federal administrative agency does not toll the state statute of limitations with respect to the bringing of an action in the courts of the state (MCL 600.5856; MSA 27A.5856).

2. LIMITATION OF ACTIONS — TOLLING — ADMINISTRATIVE ACTIONS.

Statutes of limitation are tolled when a complaint is filed and the defendant is served with a copy of the summons and complaint, jurisdiction over the defendant is otherwise acquired, or copies of a summons and a complaint are placed in the hands of an officer for immediate service; nonjudicial proceedings such as administrative actions are not tolling events (MCL 600.5856; MSA 27A.5856).

3. LIMITATION OF ACTIONS — TOLLING — ADMINISTRATIVE ACTIONS.

Tolling of a statute of limitations occurs where the extension of a time limitation will not disadvantage a defendant as a result of unawareness of a need to preserve evidence and prepare a defense; it removes any harshness to the plaintiff occasioned by the dismissal of a suit begun in good faith without an adjudication on the merits, enabling a plaintiff to bring a second suit notwithstanding a statute of limitations because the defendant has already received notice of the exact allegations against him as a result of the prior suit, but does not provide the plaintiff with an opportunity to litigate an issue already decided on the merits (MCL 600.5856; MSA 27A.5856).

DISSENTING OPINION BY LEVIN, J.

4. LIMITATION OF ACTIONS — SUPREME COURT — TOLLING — ADMINISTRATIVE ACTIONS.

*The Supreme Court has the power to and should promulgate a court rule to provide for the tolling of statutes of limitations where administrative proceedings have been timely commenced.*

*Rothe, Mazey, Mazey & Hamburger, P.C.* (by *Robert L. Hamburger),* for the plaintiff.

*Gregory A. Sando* for the defendant.

BRICKLEY, J. This case presents the first opportunity for this Court to consider whether a proceeding before a federal administrative agency tolls our statute of limitations as it applies to a subsequent lawsuit in the courts of this state. We hold that it does not.

In April of 1977, plaintiff, Norma Mair, terminated her employment with defendant, Consumers Power Company. In August of that year, she filed a charge with the United States Equal Employment Opportunity Commission pursuant to § 706 of title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.,* alleging that she was the victim of sex discrimination in the course of her employment.

After investigating plaintiff's charge, the EEOC, in May of 1980, dismissed the complaint against the defendant for the reason that the evidence did not provide reasonable cause to support the claim. Plaintiff did not seek further federal relief under title VII by filing suit within 90 days, as allowed by § 706 of the act, 42 USC 2000e-5.

In August of 1980, three years and four months after her last day of employment with defendant, plaintiff filed an action in the Macomb Circuit Court, alleging discrimination because of age and sex in violation of § 202(1) of the Michigan Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* The trial court granted the defendant's motion for accelerated judgment in December of 1980 on the grounds that the three-year statute of limitations had expired, barring plaintiff's claim. MCL 600.5805(8); MSA 27A.5805(8). The Court of Appeals affirmed the decision of the trial court in an unpublished opinion, and we granted plaintiff's

application for leave to appeal. 417 Mich 884 (1983).

The plaintiff does not dispute the applicability of the three-year statute of limitations or that that period was exceeded before she filed this suit. Rather, plaintiff contends that because of the effect of the Michigan tolling statute the statute of limitations was tolled for the nearly two years and ten months that her complaint was pending before the EEOC.

The tolling statute, MCL 600.5856; MSA 27A.5856, provides:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

The Court of Appeals, in upholding the circuit court dismissal of this case, relied on *Barczak v Rockwell International Corp,* 68 Mich App 759; 244 NW2d 24 (1976), and held that subsection 2 of the tolling statute does not apply to administrative proceedings.

In *Barczak* the Court of Appeals was dealing with a fact situation similar to that in the present case, except that the plaintiff in *Barczak* sought to invoke the tolling statute because she filed a sex discrimination suit with a state administrative agency—the Michigan Civil Rights Commission. There, as here, the plaintiff sought to convince the Court that the language of subsection 2—"jurisdic-

tion over the defendant is otherwise acquired"—
would cover a nonjudicial proceeding where the
parties and the issues were the same. In deciding
the case, the Court of Appeals relied on dictum in
*Buscaino v Rhodes,* 385 Mich 474, 482; 189 NW2d
202 (1971), where this Court said of subsection 2 of
the tolling statute:

"It deals only with *prior lawsuits* between the parties
which have not adjudicated the merits of the action."

Seizing on that and similar language in *Smith v
Bordelove,* 63 Mich App 384, 386; 234 NW2d 535
(1975), the *Barczak* Court dismissed the claim that
subsection 2 of the tolling statute allowed an
administrative action to toll the statute of limita-
tions as to a later court action:

"We reject that view, for a long line of Michigan cases
have applied the tolling provisions only when jurisdic-
tion over defendant is gained pursuant to *court proceed-
ings* involving the same cause of action. *Barczak, supra,*
p 762.

Without questioning the result of *Barczak,* we
find that the Court of Appeals placed an emphasis
on the term "prior lawsuit" that this Court did not
intend. *Buscaino* did not deal with a nonjudicial
proceeding as the tolling action. Rather, the issue
in *Buscaino* was whether a civil action was
deemed commenced upon the filing of a complaint
or whether service of process was also necessary
for an action to be deemed commenced. Therefore,
while the Court's comment about a "prior lawsuit"
standing alone may seem to be precedential for
the defendant's position here, in the context in
which it arose we do not consider it so. Similarly,
*Smith* did not involve a prior administrative ac-

tion. It was concerned with whether an action filed during the disability of infancy tolled the statute of limitations after the age of majority was reached.

Still, our "prior lawsuit" comment in *Buscaino* and the Court of Appeals comment in *Smith* are relevant. It did not occur to this Court or the Court of Appeals to assume that the tolling event would be anything other than a lawsuit. It is not unlikely that the Legislature similarly made no such assumption.

This Court has long recognized the value of a statute of limitations. In *Shadock v Alpine Plankroad Co,* 79 Mich 7, 13; 44 NW 158 (1889), Justice CAMPBELL said:

"The whole reason for statutes of limitation is found in the danger of losing testimony, and of finding difficulty in getting at precise facts."

In *Wells v The Detroit News, Inc,* 360 Mich 634, 639; 104 NW2d 767 (1960), we said that the "statute of limitations was designed to eliminate stale claims". And in *Bigelow v Walraven,* 392 Mich 566, 570; 221 NW2d 328 (1974), we said that "the statute of limitations is not a disfavored plea but a perfectly righteous defense, a meritorious defense". See, also, *Lothian v Detroit,* 414 Mich 160; 324 NW2d 9 (1982). For these reasons, it is the general rule that exceptions to statutes of limitation are to be strictly construed. See *Bock v Collier,* 175 Or 145; 151 P2d 732 (1944); *Woodruff v Shores,* 354 Mo 742; 190 SW2d 994 (1945); *Slade v Slade,* 81 NM 462; 468 P2d 627 (1970); *Lake v Lietch,* 550 P2d 935 (Okla, 1976).

The tolling statute does not mention administrative actions. The statute's history suggests that administrative actions were never contemplated as

tolling events. In *Buscaino v Rhodes, supra,* we recognized our present tolling statute as merely the successor to 1948 CL 609.19, which provided with considerable detail those actions which, upon dismissal, would constitute tolling events.[1] 1948 CL 609.19 acted to extend the statute of limitations only when the initial action was defeated on a matter of form, not substance, and the plaintiff had acted in good faith. See *Backus v Kirsch,* 264 Mich 73; 249 NW 469 (1933); *McMillan v Reaume,* 137 Mich 1; 100 NW 166 (1904). This prior statute, with its references to "actions" and "writs or declarations" failing for lack of "service" or "default" and its further references to "verdicts" and "judgments" being "arrested" or "reversed on writ of error", obviously contemplated only a prior lawsuit as the triggering event. Those terms do not appear in our present statute. However, it is clear that the present statute was not intended to alter the purpose of that prior statute. The comments of the drafters of the statute reveal their purpose to be little more than to change the method by which the tolling time was computed and offer no hint that an administrative action was contemplated as a tolling event:

"In the event of the dismissal, on some ground other

[1] 1948 CL 609.19 provided:

"If, in any action, duly commenced within the time limited in this chapter, and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause, at any time within 1 year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence such new action within the said 1 year.

than on the merits (as for example—lack of jurisdiction
over the subject matter) of an action in which jurisdic-
tion over the defendant is acquired, the period of time
from the time of service or the acquisition of jurisdic-
tion over the defendant until dismissal will not count as
a part of the time of limitation, for during such time
the statute has been tolled. Subsections (1) and (2)."
Final report, Joint Committee on Michigan Procedural
Revision, Parts I & II, Committee Comment, § 41.28, pp
318-319 (State Bar of Michigan, 1960).

The most telling evidence that the Legislature
did not contemplate administrative actions as toll-
ing events is the structure of our present tolling
statute itself. The words plaintiff seeks to rely on
do not stand alone. They are sandwiched in a
three-pronged description of tolling events. The
first and third sections of the statute speak with
great specificity, as did the predecessor statute, in
terms that can only refer to a lawsuit. To conclude
that the Legislature, after considerable attention
to detail regarding how and when jurisdiction over
the defendant is acquired in the lawsuit for pur-
poses of tolling in two subsections of the statute,
would, with only seven words, allow as a tolling
event proceedings in numerous administrative fo-
rums with their myriad procedures would be to
ignore the most obvious and commonsense reading
of the tolling statute. Following as it does a de-
scription of how court jurisdiction is obtained by
service of process, the subsection 2 phrase "juris-
diction otherwise acquired" more logically refers
to the ways of acquiring jurisdiction other than by
service of process, such as consent of the defen-
dant. Thus, the structure of the tolling statute
precludes the conclusion that the Legislature in-
tended it to include nonjudicial activity as tolling
events. While it certainly would not have been
illogical for the Legislature to provide some nonju-

dicial proceedings to serve as tolling actions consistent with the overall purpose of the tolling statute, this Court cannot conclude that they intended to do so, yet omitted specific language to that effect.

The tolling statute's attention to when the defendant is notified of the action against him is consistent with the overall purpose of the statute of limitations. Tolling occurs in situations where the extension of time will not disadvantage the defendant as a result of his unawareness of the need to preserve evidence and prepare a defense. Thus, the tolling statute takes away any harshness that might occur if the plaintiff, in good faith, commenced a suit without having the merits adjudicated and later learned that because of that mistake the statute had run. At the same time, it protects the defendant from the very evils that the statute of limitations is intended to do away with.

Subsections 1 and 2 of the tolling statute allow a lawsuit to go forward notwithstanding the statute of limitations when the defendant has already received notice of the allegations against him as a result of the prior lawsuit. Certainly, the present tolling statute evidences no intent to reverse the rule of res judicata. It cannot be considered to grant a second opportunity to litigate an issue already decided on the merits. The statute can only be used to toll the statute of limitations when the plaintiff makes a false start within the time limits of the statute of limitations and subsequently learns that the action cannot continue.

Clearly, there are administrative proceedings that would serve the purpose of the statute by giving notice to the defendant of the allegations against him in a forum where the remedies avail-

able are equivalent to those in a civil action.[2] The case before us does not, however, fall into that category. In an EEOC proceeding, unless and until the commission decides to bring suit or dismisses the case, relief is a matter to be negotiated between the EEOC and the employer. The EEOC is essentially a conciliation agency, and it is for them and the employer to decide what relief is appropriate. In that sense, an action before this administrative agency does not have a scope and purpose that is comparable to that of a lawsuit. The remedies available before the EEOC are different from those available in state courts.

Section 706 of title VII allows a person whose action is dismissed by the EEOC to file suit within 90 days after dismissal. Plaintiff did not do so. After the 90-day period had expired, she filed suit in state court. Plaintiff did not make a false start. Her action before the EEOC was not dismissed for a reason not on the merits. Although an EEOC dismissal is not res judicata to a timely filed tort action, as far as administrative relief goes the dismissal of plaintiff's charge was on the merits. Plaintiff made a deliberate choice of that forum, and she had the opportunity to have her case decided on the merits both before the EEOC and in federal court had she filed a timely complaint there. If, indeed, plaintiff now simply wants her case decided in a different forum under different law, then that, in and of itself, would defeat the purpose of the tolling statute. Here, defendant was on notice of an administrative investigation under federal law, but was at no time during the period of the running of the statute of limitations put on

---

[2] As our colleague Justice CAVANAGH pointed out in his dissent in *Barczak*, there are persuasive policy arguments for allowing an administrative proceeding to be a tolling event. 68 Mich App 767.

notice of the possibility of having to defend a lawsuit under state law.[3]

The statutes of limitations, as well as the tolling statute, are of legislative creation. So too should be any further exceptions, and particularly any further exception which makes an administrative proceeding a tolling event. The vast number of administrative agencies and their varying procedures make this area one particularly appropriate for legislative action if any change is desired, and one particularly inappropriate for the ad hoc judgments of the judiciary.

We decline to create an exception to the statute of limitations either through the guise of construction or by outright declaration. Plaintiff's administrative action did not act to toll the statute of limitations as to the present action.

Affirmed.

KAVANAGH, RYAN, and BOYLE, JJ., concurred with BRICKLEY, J.

LEVIN, J. *(dissenting)*. We agree with the majority that § 5856 of the Revised Judicature Act[1] provides for tolling only where an action has been commenced in a court, and that the Legislature did not contemplate that the commencement of a proceeding in an administrative forum would constitute a tolling event.

The majority opinion acknowledges that "there are administrative proceedings that would serve the purpose of the [tolling] statute by giving notice

---

[3] The record indicates that the EEOC referred plaintiff's complaint to the Michigan Civil Rights Commission pursuant to § 706(c) of title VII on July 5, 1977. The Michigan Civil Rights Commission declined to take jurisdiction over the matter for reasons of "administrative efficiency" on July 29, 1977.

[1] MCL 600.5856; MSA 27A.5856.

to the defendant of the allegations against him in a forum where the remedies available are equivalent to those in a civil action",[2] but states that an ·EEOC proceeding does not provide such notice, that a tolling exception where administrative proceedings have been commenced requires legislative action, and that it is not appropriate for a court to make an ad hoc judgment providing for such tolling.

This Court has held, however, that it is empowered to provide by court rule for tolling on terms different from those set forth in § 5856. In *Buscaino v Rhodes*, 385 Mich 474, 483; 189 NW2d 202 (1971), the Court held on the authority of *Perin v Peuler (On Rehearing)*, 373 Mich 531, 541; 130 NW2d 4 (1964), that GCR 1963, 101, providing that "[a] civil action is commenced by filing a complaint with the court", was "controlling in this case" and superseded limitations set forth in § 5856.

This Court might exercise the power relied on in *Buscaino* to promulgate a court rule providing for tolling where administrative proceedings have been timely commenced. We would not read the Legislature's failure to provide in § 5856 for tolling following the commencement of an administrative proceeding as a statement of public policy that in such a case there should not be tolling; as the majority observes, § 5856 merely carried forward in somewhat altered form the tolling provisions set forth in the original Judicature Act of 1915.[3]

Since 1915 and, indeed, since the 1961 enactment of the Revised Judicature Act, there·has been a continuing expansion of the role of administrative tribunals. It is, we believe, part of our responsibility, in regulating the practice and pro-

[2] *Ante,* pp 83–84.·

[3] *Ante,* p 81.

cedure in the courts, as provided for in Const 1963, art 6, § 5,[4] to secure reasonable access to the courts where issues in an administrative proceeding are not decided on the merits. The Workers' Compensation Appeal Board, the Tax Tribunal, the Employment Security Commission, the Civil Rights Commission, among other tribunals, may, after the time provided for filing a law action, dismiss a proceeding on grounds that do not adjudicate the merits. There may be as much need for tolling to avoid injustice where an administrative proceeding is not resolved on the merits as where a law action is dismissed without consideration of the merits. The tolling need not be for the entire time that the proceeding was pending; the former provision of the Judicature Act allowed one additional year to commence another action.[5]

A distinction could be drawn between an administrative proceeding commenced in a Michigan administrative tribunal and one commenced in the tribunal of another jurisdiction, such as the EEOC; distinctions could also be made based on the nature of the proceeding and the relief available. In the instant case, the defendant was notified of the plaintiff's complaint when proceedings were commenced before the EEOC. The matter was then referred to the Michigan Civil Rights Commission, which declined to accept jurisdiction. Plaintiff's Michigan procedural rights were thus involved in the EEOC proceedings. Plaintiff could not reasonably have been required to commence a circuit court action while a proceeding was pending that sought to dispose of the complaint by conciliation,

[4] "The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state. The distinctions between law and equity proceedings shall, as far as practicable, be abolished. The office of master in chancery is prohibited." Const 1963, art 6, § 5.

[5] 1948 CL 609.19; MSA 27.611.

an alternative dispute-resolution mechanism. When the EEOC proceedings were dismissed, plaintiff commenced the instant action within less than three months.

This Court has provided ad hoc relief where proceedings were commenced in the wrong forum, albeit by reading § 5856 expansively. See *Wikman v City of Novi,* 413 Mich 617, 654; 322 NW2d 103 (1982), where this Court held that the time for commencement of proceedings in the tax tribunal was tolled by the timely commencement of a circuit court action.

We believe that the Court should promulgate a court rule filling the gap in the statute, and that it should provide the plaintiff in the instant case with relief thereunder and remand this case to the circuit court for trial.

WILLIAMS, C.J., concurred with LEVIN, J.

CAVANAGH, J., took no part in the decision of this case.