## VARGA v HERITAGE HOSPITAL

Docket No. 64447. Submitted January 10, 1984, at Detroit.—Decided December 4, 1984.

Plaintiff, John L. Varga, brought a medical malpractice action against Heritage Hospital, A. T. Hennessey, M.D., and Harris, Birkhill, Wange, Songe & Associates, P.C. Defendant Heritage Hospital brought a motion for accelerated judgment on the grounds that the claim was barred by a prior judgment and by the statute of limitations. The claim had previously been submitted to arbitration and plaintiff's action was brought following the arbitration panel's denial of the claim on jurisdictional grounds. The Wayne Circuit Court, Harold Hood, J., denied the hospital's motion, holding that operation of the statute of limitations was tolled for the period that the parties were in arbitration. The hospital appealed by leave granted. *Held:*

1. The arbitration proceeding did not toll the operation of the statute. The statute which provides for tolling deals only with prior lawsuits or court proceedings, not with nonjudicial proceedings such as arbitration.

2. The medical malpractice arbitration act is constitutional. The arbitration proceeding and decision are valid.

Reversed.

1. LIMITATION OF ACTIONS — ARBITRATION — TOLLING — NONJUDICIAL PROCEEDINGS.

The statutes of limitation are not tolled while the parties to a subsequent lawsuit are in arbitration; the statute which provides for tolling deals with prior lawsuits or court proceedings and not with nonjudicial proceedings (MCL 600.5856; MSA 27A.5856).

2. ARBITRATION — MALPRACTICE.

The medical malpractice arbitration act is constitutional.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 138, 140, 142-144.
2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 374.
Arbitration of medical malpractice claims. 84 ALR3d 375.
Validity and construction of state statutory provisions relating to limitations on amount of recovery in medical malpractice claim and submission of such claim to pretrial panel. 80 ALR3d 583.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Steven G. Silverman*), for plaintiff.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day*), for defendant Heritage Hospital.

Before: WAHLS, P.J., and R. M. MAHER and C. SIMON, JR.,* JJ.

PER CURIAM. On December 15, 1981, plaintiff commenced a medical malpractice action, alleging negligence in his care and treatment on July 1, 1977. Defendant Heritage Hospital moved for accelerated judgment pursuant to GCR 1963, 116.1(5), on the grounds that the claim was barred by a prior judgment and by the statute of limitations. The motion was denied and defendant has appealed by leave granted.

The court below, in denying defendant's motion, ruled that the statute of limitations[1] was tolled for the period that the parties were in arbitration.[2] Demand for arbitration had been filed by plaintiff on June 27, 1979. On December 14, 1981, counsel for plaintiff received the December 4, 1981, opinion of the arbitration panel denying plaintiff's claim. Both parties acknowledge that the panel's ruling was a dismissal on jurisdictional grounds.

We hold that the statute of limitations was not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 600.5805(4); MSA 27A.5805(4).

[2] MCL 600.5856; MSA 27A.5856 provides:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) *jurisdiction over the defendant is otherwise acquired,* or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter." (Emphasis added.)

tolled during the period that the parties were in arbitration. Our decision is based on *Mair v Consumers Power Co,* 419 Mich 74; 348 NW2d 256 (1984), which was decided since this appeal was brought.

Michigan courts have long held that the tolling statute deals with prior "lawsuits" or "court proceedings". *e.g., Buscaino v Rhodes,* 385 Mich 474, 482; 189 NW2d 202 (1971), *Barczak v Rockwell International Corp,* 68 Mich App 759, 762; 244 NW2d 24 (1976). Prior to *Barczak, supra,* the cases generally involved a prior court proceeding, rather than a nonjudicial proceeding, as the tolling action. The *Barczak* Court found these cases to be precedent for its holding that a complaint brought before the Michigan Civil Rights Commission was not a tolling action.

In *Mair, supra,* the alleged tolling action was a charge filed with the United States Equal Employment Opportunity Commission. Rather than relying on dictum in earlier cases as the *Barczak* Court had done, the *Mair* Court engaged in an analysis of the tolling statute's application to administrative proceedings. This analysis confirmed the correctness of the result in *Barczak,* as the Court concluded,

"The statutes of limitations, as well as the tolling statute, are of legislative creation. So too should be any further exceptions, and particularly any further exception which makes an administrative proceeding a tolling event." *Mair, supra,* p 85.

The *Mair* Court reached its conclusion in spite of persuasive policy arguments for allowing an administrative proceeding to be a tolling event. It noted,

"Clearly, there are administrative proceedings that would serve the purpose of the statute by giving notice

to the defendant of the allegations against him in a forum where the remedies available are equivalent to those in a civil action." *Id.,* pp 83-84.

Nevertheless, the Court found dispositive evidence that the Legislature did not contemplate nonjudicial proceedings as tolling events. The dissent agreed that the tolling statute applies only where an action has been commenced in a court but believed that the Court should have exercised its power to provide by court rule for tolling on terms different from those set forth by statute.

In the instant case, we are persuaded by the policy arguments for allowing an arbitration proceeding as a tolling event. The scope and purpose of arbitration is comparable to that of a lawsuit, even more so than many actions before administrative agencies. Nevertheless, in accordance with *Mair, supra,* p 85, we must decline to create an exception to the statute of limitations.

Defendant has argued that summary judgment was proper, in any event, because the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* is unconstitutional and the arbitration proceeding taken pursuant thereto is void and ineffective for any purpose. This argument fails because the constitutionality of the act was upheld in *Morris v Metriyakool,* 418 Mich 423; 344 NW2d 736 (1984).

We conclude that the circuit court erroneously denied defendant's motion for accelerated judgment. Accordingly, we reverse, but without prejudice to plaintiff's claiming that defendant is estopped from relying on the statute of limitations. Plaintiff's estoppel claim was not considered by the court below and is now before us on an inadequate record, so we are unable to render any decision on its merits.

Reversed.