JAMES v LOGEE

Docket No. 81490. Submitted November 7, 1985, at Grand Rapids.—
Decided March 18, 1986.

Plaintiff, Edward E. James, Jr., also known as Jim James,
brought an action in the Kent Circuit Court against defen-
dants, Helen Logee and Carriage House Realty, alleging tor-
tious interference with a contract. The facts indicate that the
cause of action accrued in May of 1977 and that plaintiff filed
his complaint on July 8, 1980. Defendants brought a motion for
accelerated judgment based on a claim that the three-year
period of limitation provided for in MCL 600.5805(8) applied to
the action and that the period of limitation had expired. The
trial court, Roman J. Snow, J., agreed with the defendants and
granted the motion. Plaintiff appeals from the order entered to
that effect. *Held:*

1. The three-year period of limitation provided for under
MCL 600.5805(8) is applicable to actions for tortious interfer-
ence with a contract.

2. The three-year period of limitation was not tolled during
the pendency of arbitration proceedings before the Grand Rap-
ids Board of Realtors. Jurisdiction over the defendants was not
otherwise acquired through defendants' participation in nonju-
dicial proceedings before the Board of Realtors. Defendants'
participation in the arbitration proceedings could not reason-
ably have induced plaintiff to forego filing his action at law.

Affirmed.

1. TORTS — CONTRACTS — TORTIOUS INTERFERENCE WITH CONTRACT —
LIMITATION OF ACTIONS.

Actions for tortious interference with a contract are governed by
a three-year period of limitation (MCL 600.5805[8]; MSA
27A.5805[8]).

REFERENCES

Am Jur 2d, Interference §§ 38 *et seq.*

Am Jur 2d, Limitation of Actions § 126.

Punitive damages for interference with contract or business rela-
tionship. 44 ALR4th 1078.

What statute of limitations governs action for interfernce with
contract or other economic relations. 58 ALR3d 1027.

2. TORTS — CONTRACTS — TORTIOUS INTERFERENCE WITH CONTRACT.
    Interference with a contract is a traditional, common-law tort.

3. LIMITATION OF ACTIONS — DAMAGES.
    The type of damages sought in an action is irrelevant in the
    consideration of the period of limitation applicable to the
    action.

4. LIMITATION OF ACTIONS — TORTS — TORTIOUS INTERFERENCE WITH
    CONTRACT.
    The period of limitation applicable to a plaintiff's cause of action
    for tortious interference with a contract was not tolled during
    the pendency of arbitration proceedings regarding the contract
    before the Grand Rapids Board of Realtors where jurisdiction
    over the defendants was not otherwise acquired through defen-
    dants' participation in nonjudicial proceedings before the board
    and where defendants' participation in the arbitration proceed-
    ings could not reasonably have induced the plaintiff to forego
    filing his action at law (MCL 600.5856[2]; MSA 27A.5856[2]).

*James Booth Burr, Jr.,* for plaintiff.

*Hunter M. Meriwether,* for defendants.

Before: R. M. MAHER, P.J., and M. J. KELLY and
H. W. MOES,* JJ.

PER CURIAM. Plaintiff appeals as of right from a
November 4, 1984, order of accelerated judgment
granted under GCR 1963, 116.1(5), now MCR
2.116(C)(7). The question presented on appeal is
whether actions for tortious interference with a
contract are governed by the three-year period of
limitation as provided under MCL 600.5805(8);
MSA 27A.5805(8) or by the six-year period of
limitation as provided under MCL 600.5813; MSA
27A.5813. We hold that the applicable limitation
period is three years and we affirm the order of
accelerated judgment entered in this case.

According to the complaint, plaintiff entered
into a buy-sell agreement on May 8, 1977, whereby

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he agreed to buy a parcel of real property owned by Jean Cope and located in Kent County. On the previous day, Cope had listed the property for sale with defendants but the listing agreement included a reservation clause which relieved Cope of the obligation to pay a commission if the property were sold to plaintiff within one week of the listing agreement. According to plaintiff, when defendant Logee was informed of the purchase agreement, she convinced Cope that the purchase price of $65,000 was inadequate, tore up the original listing agreement and substituted it with a new agreement which did not include the reservation clause. Cope then attempted to rescind the buy-sell agreement with plaintiff but plaintiff filed a suit for specific performance and the dispute was ultimately settled. Plaintiff obtained the property in February of 1978.

Plaintiff filed the instant action against defendants on July 8, 1980, alleging that defendants had knowingly and wilfully interfered with his contractual relationship with Cope: (1) by criticizing the terms of the buy-sell agreement, (2) by falsely representing the value of the property, (3) by convincing Cope to cancel the buy-sell agreement, and (4) by drawing up a new listing agreement. Defendants responded with a motion for accelerated judgment based on the three-year period of limitation and the motion was eventually decided in defendants' favor.

Prior to December 20, 1982, this Court held on at least two occasions that the three-year period of limitation provided under the forerunner of MCL 600.5805(8); MSA 27A.5805(8) applied to actions for tortious interference with advantageous business relationships. See *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615, 625-626; 329 NW2d 760 (1982), and *Wilkerson v Carlo,* 101 Mich

App 629, 634; 300 NW2d 658 (1980), *lv den* 411 Mich 984 (1981). In those cases, the question was whether plaintiff's cause of action truly sounded in libel or slander and the competing periods of limitation were one year, as now provided under MCL 600.5805(7); MSA 27A.5805(7), and three years, as now provided under MCL 600.5805(8); MSA 27A.5805(8). On December 20, 1982, the Supreme Court decided *Citizens for Pretrial Justice v Goldfarb,* 415 Mich 255, 268-270; 327 NW2d 910 (1982), where it clearly and unequivocally held that § 5805(7), now § 5805(8), of the Revised Judicature Act "applies to traditional, primarily common-law torts". Just as clearly, the complaint filed by plaintiff in this case describes the essential elements of tortious interference with a contract and specifically names that tort as the cause of action asserted. Interference with a contract is a traditional, common-law tort. See *Trepel v Pontiac Osteopathic Hospital,* 135 Mich App 361, 373-375; 354 NW2d 341 (1984), *lv den* 422 Mich 853 (1985), and cases cited therein. Plaintiff's arguments regarding the type of damages sought is irrelevant to our consideration of the applicable limitation period. *Citizens v Goldfarb, supra,* p 268.

We hold that the applicable period of limitation for actions for tortious interference with a contract is that provided in MCL 600.5805(8); MSA 27A.5805(8). The trial court did not err in granting defendants' motion for accelerated judgment on this basis, since the cause of action accrued in May of 1977 and plaintiff did not file his complaint until July of 1980.

Plaintiff secondly argues that, even if the three-year period of limitation applies, that period was tolled during the pendency of the arbitration proceedings before the Grand Rapids Board of Realtors. We disagree. Jurisdiction over the defendants

was not "otherwise acquired", MCL 600.5856(2); MSA 27A.5856(2), through defendants' participation in nonjudicial proceedings before the Board of Realtors. See *Mair v Consumers Power Co,* 419 Mich 74; 348 NW2d 256 (1984); *Ray v Organization of School Administrators & Supervisors, Local 28, AFL-CIO,* 141 Mich App 708, 711; 367 NW2d 438 (1985), and *Varga v Heritage Hospital,* 139 Mich App 358, 360; 362 NW2d 282 (1984). Moreover, defendants' participation in the arbitration proceedings could not reasonably have induced plaintiff to forego filing his action at law. See *Lothian v Detroit,* 414 Mich 160, 176-177; 324 NW2d 9 (1982).

Affirmed.