992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Neal GROSSMAN, Plaintiff,
Bret A. Schnitzer, Attorney-Appellant,
v.
GARRATT & EVANS, P.C., and C. William Garratt, Defendants-Appellees.
 No. 92-1407.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 91-73885, Gadola, J.
 E.D.Mich.
 REVERSED.
 Before KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant-Counsel Bret A. Schnitzer appeals from the district court's imposition of sanctions against him pursuant to Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and the court's inherent authority. We REVERSE.
 
 I.
 
 2
 On October 21, 1987, Neal Grossman executed a written fee agreement providing for defendants' representation of Grossman in an action against one David Kratze in Oakland County Circuit Court, Oakland County, Michigan. The agreement provided for a contingent fee for defendants with respect to any recovery realized by Grossman in his claim against Kratze, and an hourly fee for "other" services provided by defendants on Grossman's behalf. It also contained an arbitration provision stating that all disputes between Grossman and defendants were to be submitted to arbitration.
 
 
 3
 A dispute between the parties arose and defendants sought arbitration pursuant to the contractual provision and state law. Grossman filed a counterclaim in the arbitration proceeding, asserting that the contract was unconscionable, seeking a refund of some portion of a $70,000 contingency fee previously paid to defendants and claiming damages resulting from breach of fiduciary duties, conflict of interest, violation of federal statutes, and unethical practices. The arbitrator made findings of fact on both defendants' claims and Grossman's counterclaim, finding principally in defendants' favor. The Oakland County Circuit Court confirmed the award and reduced it to final judgment in the litigation between Grossman and David Kratze. Grossman has appealed the matter to the Michigan Court of Appeals.
 
 
 4
 Fearful that the two-year statute of limitations on his client's legal malpractice claim[1] against defendants would run before the Michigan appellate court rendered its decision, appellant Schnitzer signed and filed the instant complaint in federal district court in the Eastern District of Michigan on August 8, 1991. On August 23, 1991, the district court dismissed the complaint sua sponte for lack of subject matter jurisdiction. Because defendants had not yet been formally served with the complaint, the court sent a copy of the order to Schnitzer only.
 
 
 5
 On September 12, 1991, Garratt and Evans filed notices of appearances simultaneously with a motion to dismiss and/or for summary judgment. Defendants claim that they knew of the suit because a copy of the complaint had been left on Garratt's windshield. Defendants were allegedly not made aware of the dismissal until September 27, 1991, when the court notified them of that fact.
 
 
 6
 On October 28, 1991, defendants brought the present motion to impose costs and sanctions arguing that the lawsuit was frivolous because the subject matter of the instant suit had been disposed of in a prior binding arbitration proceeding and because of the failure of plaintiff's counsel to notify defendants that the action had been dismissed. Defendants sought a total of $4,307.15, in costs and attorneys fees associated with responding to the complaint.
 
 
 7
 The matter was referred to a magistrate judge, who concluded that plaintiff's complaint was not well grounded in fact or warranted by existing law as required by Rule 11, upon finding that the relief requested in federal district court was virtually identical to that requested in a prior arbitration proceeding. The district court affirmed, finding plaintiff's complaint to be "duplicative and frivolous," and awarded sanctions in the full amount requested by defendants under Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and the court's inherent power to sanction bad-faith conduct.
 
 
 8
 This appeal followed.
 
 II.
 
 9
 As a threshold matter we must consider whether the district court retained jurisdiction to impose sanctions after having sua sponte dismissed the action for lack of subject matter jurisdiction. See Michigan Employment Sec. Comm'n v. Wolverine Radio Co., 930 F.2d 1132, 1137-38 (6th Cir.1991) (federal courts are courts of limited jurisdiction and have continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them), cert. dismissed, 112 S.Ct. 1605 (1992). We conclude that it had. See Willy v. Coastal Corp., 501 U.S. ----, 112 S.Ct. 1076, 117 L.Ed.2d 280, 285-90 (1992), (district court could, without running afoul of Article III, impose Rule 11 sanctions in a case where it was later determined that the court lacked subject matter jurisdiction, reasoning that a Rule 11 sanction is not a judgment on the merits but rather a determination of a collateral issue: whether the attorney has abused the judicial process). See also Chemiakin v. Yefimov, 932 F.2d 124 (2d Cir.1991) (district court had power to impose Rule 11 sanctions even though it lacked subject matter jurisdiction to adjudicate merits of the dispute) (and cases discussed therein); Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1077-78 (7th Cir.1987) (a court has jurisdiction to determine its jurisdiction and therefore may engage in all the usual acts, even though it has no power to decide the case on the merits.), cert. dismissed, 485 U.S. 901 (1988).
 
 
 10
 Our standard of review on appeal is abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (Rule 11); Chambers v. NASCO, Inc., 501 U.S. ----, 111 S.Ct. 2123, 2132-33 (1991) (inherent power); Ruben v. Warren City Schools, 825 F.2d 977, 982 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988) (bad faith, § 1927, Rule 11).
 
 III.
 
 11
 Sanctions in this case were imposed on three distinct bases. Rule 11 of the Federal Rules of Civil Procedure imposes three obligations on the person signing a pleading or other court paper: (1) to make a reasonable inquiry to determine that the document is well grounded in fact, (2) to conduct a reasonable inquiry to ascertain that the positions averred are warranted by existing law or are good faith arguments for extension or modification of existing law, and (3) that the document not be filed for any improper purpose. Fed.R.Civ.P. 11; Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir.1989). Section 1927 of Title 28 of the United States Code permits the award of attorneys fees where an attorney "multiplies the proceedings in any case unreasonably and vexatiously...." 28 U.S.C. § 1927. Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir.1992); Ruben, 825 F.2d at 984. Sanctions imposed under a court's inherent power depend upon how the parties conduct themselves during the litigation. Chambers, 501 U.S. ----, 111 S.Ct. at 2132; Ruben, 825 F.2d at 983.
 
 
 12
 The real issue in the case concerning the validity of sanctions is whether appellant's concern that the arbitration did not toll the statute of limitations was a "plausible view of the law."[2] Appellant points out that because arbitration does not generally toll statutes of limitations, it was necessary for him to file the instant complaint to protect his client's cause of action should the Michigan Court of Appeals determine that the arbitrator lacked jurisdiction. Thus, he posits that the filing of the complaint was not frivolous and therefore did not warrant the imposition of sanctions.
 
 
 13
 Appellant asserts correctly that arbitration does not toll the applicable statute of limitations. See Mair v. Consumers Power Co., 419 Mich. 74, 348 N.W.2d 256 (1984); James v. Logee, 150 Mich.App. 35, 888 N.W.2d 294 (1986). Further, the existence of an agreement to arbitrate is a judicial question which cannot be decided by an arbitrator. Arrow Overall Supply Co. v. Peloquin Enter., 414 Mich. 95, 98-99, 323 N.W.2d 1 (1982). Thus, we believe that appellant's position was not only plausible, but a prudent decision to preserve his client's rights. This is especially true given the Michigan courts' pronouncements on the nonjudicial nature of arbitration proceedings, and the fact that the arbitration was reduced to final judgment in litigation between Grossman and Kratze, not between Grossman and defendants, and decided matters other than the attorney fees in that action. In light of the Michigan law on the subject and the uncertainty over whether jurisdiction over defendants was acquired the district court abused its discretion in awarding sanctions against Schnitzer.
 
 
 14
 In a similar vein, we find no basis for the imposition of sanctions under 28 U.S.C. § 1927 or the court's inherent authority. Appellant Schnitzer is a newcomer to what is obviously a longstanding feud between Neal Grossman and defendants and their belligerent behavior should not have been imputed to appellant.
 
 
 15
 For all the foregoing reasons, the judgment of the district court is REVERSED.
 
 
 
 [1]
 See Mich.Comp.Laws §§ 600.5805(4) and 5838 (1987 & Supp.1992)
 
 
 [2]
 Defendants assert that several other complaints in this matter had previously been filed. None, however, were filed by appellant, and each were dismissed without prejudice, on jurisdictional grounds. The action pending in federal district court in Ohio appears to be subject to the same personal jurisdiction problem faced by the earlier Ohio state court action
 Defendants also complain that appellant failed to notify defendants that the complaint had been dismissed. We know of no rule or statute, however, that imposes such a requirement, when the party has never been served.